# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

KYLE J. MAPP, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-07-028-SPS
 )
MICHAEL J. ASTRUE, )
Commissioner of the Social )
Security Administration, )
 )
       Defendant. )

## OPINION AND ORDER

The claimant Kyle J. Mapp requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and the case REMANDED for further proceedings by the ALJ.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which

exists in the national economy[.]" *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless,

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or a combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the Court must review the record as a whole, and "[t]he substantiality of [the] evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on September 11, 1963, and was forty-two years old at the time of the administrative hearing. He has a limited eleventh grade education and attempted unsuccessfully to obtain a GED. The claimant has worked in the past as a welder, mobile home builder, wire assembler, roughneck and truck driver, but alleges he has been unable to work since February 1, 2001 due to back problems, carpal tunnel syndrome and depression.

## Procedural History

On March 14, 2003, the claimant applied for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. On April 2, 2003, he applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. Both applications were denied. ALJ Jodi B. Levine conducted a hearing and determined that the claimant was not disabled on June 30, 2006. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at steps three and five of the sequential evaluation. She found at step three that the claimant was disabled from August 5, 2002 through August 12, 2004, because of a disc herniation that medically equaled the criteria of Section 1.04A of the

Listing of Impairments. *See* 20 C.F.R., Part 404, Subpt. P, Appx. 1, § 1.04A. But the claimant's condition improved, and since he no longer met the listing, the ALJ further found that as of August 13, 2004, he had the residual functional capacity ("RFC") to lift and/or carry ten pounds frequently and twenty pounds occasionally, to stand and/or walk for six hours of an eight hour work day, and to stoop occasionally, but that he could not perform repetitive tasks with his left upper extremity from the elbow to the wrist to the fingers (Tr. 19). The ALJ concluded that although the claimant could not return to any of his past relevant work, he was nevertheless not disabled because there was other work he could perform existing in significant numbers in the regional and national economies, *e. g.*, general clerk, storekeeper, and motor transportation dispatcher (Tr. 21).

**Review**

The claimant contends that the ALJ erred by (i) improperly determining his RFC; and (ii) improperly analyzing his credibility. The Court finds the first contention persuasive.

As discussed above, the ALJ found that the claimant had the RFC to perform light work (subject to certain limitations) as of August 13, 2004. However, the ALJ failed to identify the medical opinion evidence on which this conclusion was based. He did not, for example, analyze the opinion of agency physician Dr. George Dixon, M.D., who reviewed the claimant's medical records and testified that he could frequently lift ten pounds and stand/walk/sit for at least six hours of an eight hour work day, but that he was limited by the need to periodically alternate between sitting and standing to relieve pain, the inability to push or pull with his left upper extremity, the inability to climb or balance, and the ability

to kneel, crouch, crawl or stoop, and to handle or finger with his left hand, only occasionally (Tr. 496). *See, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every* medical opinion in the record, *see* 20 C.F.R. §[§] 404.1527(d), [416.927(d)], although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give *any* medical opinion."), *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995) [emphasis added]. If this opinion was the basis for the RFC determination (and it does seem to provide some support therefor), the ALJ should have explained why she adopted some of the physical limitations imposed by Dr. Dixon but rejected others. *See, e. g., Hardman v. Barnhart,* 362 F.3d 676, 681 (10th Cir. 2004) (noting that ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted]. In any event, the Court sits in review and therefore cannot provide a rationale for the Commissioner's decision; it is the ALJ who must do this. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("[T]he magistrate judge erred in upholding the Commissioner's decisions by supplying possible reasons for giving less weight to or rejecting the treating physician's opinion. The ALJ's decision should have been evaluated based solely on the reasons stated in the decision."), *citing Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69

(1962). *See also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (A reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan*, 933 F.2d 598, 603 (7th Cir. 1991).

Because the Court is unable to determine how the ALJ reached his conclusion as to the claimant's RFC, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (finding that when an ALJ does not provide any explanation for his decision, the court cannot meaningfully review his determination, because it is left for speculation on what specific evidence he relied in making the decision).

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 26th day of March, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**